UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JAMES L. QUINN, | ) |
| RANDALL K. ANDERSON, | ) |
| JAMES H. ROBERTS, | ) |
| MALLORY LEWIS, individually and on behalf of themselves and all others similarly situated, | ) Case No: |
| Plaintiffs, | ) JURY TRIAL DEMANDED |
| v. | ) |
| CITY OF EATON, OHIO, | ) |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

Plaintiffs, by and through their counsel, respectfully submit their complaint against the City of Eaton, Ohio, and state as follows:

### PARTIES

1. Plaintiffs James L. Quinn, Randall K. Anderson, James H. Roberts, and Mallory Lewis, ("Plaintiffs"), are current and/or former employees of the defendant, the City of Eaton, Ohio, ("Defendant" or "City") in the City of Eaton Fire and EMS Division. At all times material herein, Defendant has employed Plaintiff Quinn, Plaintiff Anderson, and Plaintiff Roberts in the position of Captain, and Defendant has employed Plaintiff Lewis in the position of Lieutenant.

2. Plaintiffs bring this action as a collective action in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") against the defendant on behalf of themselves and all

others similarly situated because of defendants' unlawful deprivation of plaintiffs' rights to overtime compensation. Plaintiffs seek a declaratory judgment under 28 U.S.C. §2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201, *et seq*.

3. At all times material herein, Plaintiffs and all those similarly situated have been "employees" within the meaning of the FLSA, *id.* § 203(e)(1).

4. Plaintiffs have given their written consent to be party-plaintiffs in this action, pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Collective Action Complaint as Exhibit A.

5. Defendant is a political subdivision organized under the laws of the State of Ohio, with the power to sue and be sued in its own name, and at all times material herein, Defendant has been a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203(x), 203(d). Defendant is located within the Southern District of Ohio and within Preble County, Ohio. Defendant has a principal office and place of business located at 328 North Maple Street, P.O. Box 27, in Eaton, Ohio.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 and S.D. Ohio Civ. R. 82.1.

## FACTS

8. Since July 26, 2016, as well as before, Plaintiffs and all others similarly situated have worked for the Defendant City of Eaton, Fire and EMS Division.

9. Within the last three years, and continuing to date, while working at the rank of Captain or Lieutenant, Plaintiffs' primary job duty has been, and remains, to protect and serve the public by engaging in fire suppression, emergency response and related non-exempt activities. At fire and emergency scenes, Plaintiffs work side-by-side with other front-line first responders, entering burning buildings, performing manual fire suppression work, providing emergency medical care, and performing other non-exempt duties.

10. While working as Captains on behalf of Defendant, Plaintiffs James L. Quinn, Randall K. Anderson, and James H. Roberts, as well as all others similarly situated are assigned to work, and in fact do work, a regular and recurrent schedule of 24 hours on-duty, followed by 48 hours off-duty, which results in their performing at least 216 hours of regularly scheduled work every 28 days and as many as 240 hours of regularly scheduled work in some 28-day periods. Captains also perform work prior to and after their shifts, performing their regular job duties and associated station work. Captains are therefore regularly assigned to work, and do work, in addition to work performed before and after their shifts, scheduled work in excess of 40 hours per week, as well as in excess of 53 hours per week and 212 hours in a 28-day period.

11. Defendant, at all times material herein, has failed and continues to fail to pay Plaintiffs in the position of Captain overtime premium pay at the rate of one and one-half times their regular rate of pay when it suffers or permits them to work in excess of 40 hours in a week, in excess of 53 hours in a week, or in excess of 212 hours in a 28-day period.

12. While working as Lieutenants on behalf of Defendant, Plaintiff Lewis and all others similarly situated are assigned to work, and in fact do work, a regular and recurrent schedule of 40 hours each week. Plaintiff Lewis and all others similarly situated, in addition to their regularly scheduled shifts, perform additional work during shifts outside their regular schedule as well as

3

before and after their shifts, resulting in work in excess of 40 hours per week, as well as in excess of 53 hours per week and 212 hours in a 28-day period. For example, during the period of November 26, 2018, to December 23, 2018, Plaintiff Lewis performed 208 hours of on-the-clock work, including her 16 regularly scheduled shifts during that 28-day period and 4 additional 12-hour shifts. In addition, Plaintiff Lewis worked approximately 30-35 minutes or more each shift, before the start and/or after the end of such shift. During that additional, off-the-clock time, Plaintiff Lewis performed her regular job duties, including checking equipment and preparing the apparatus for service. Thus, during the period of November 26, 2018, to December 23, 2018, Defendant suffered or permitted Plaintiff Lewis to perform at least approximately 218 hours to 220 hours and 40 minutes of work.

13. However, Defendant, at all times material herein, has failed and continues to fail to pay Plaintiff Lewis, and all others similarly situated, overtime premium pay at the rate of one and one-half times their regular rate of pay when it suffers or permits them to work in excess of 40 hours in a week, in excess of 53 hours in a week, or in excess of 212 hours in a 28-day period.

14.  Defendant, at all times material herein, has known and should have known that uncompensated overtime work was being performed by Plaintiffs and all others similarly situated, due to Defendant's established policies and procedures, work schedules, and observation of Plaintiffs.

## COUNT I
## VIOLATION OF SECTION 207(a) OF THE FAIR LABOR STANDARDS ACT

15. Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 14 of this Complaint.

16. During the times that Plaintiffs and those similarly situated have worked in excess of 40 hours in a workweek, Defendant has failed to provide them with the rights and protections

4

provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

17. By failing to pay the Plaintiffs and others similarly situated the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs and those similarly situated have been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

18. As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs an amount that has not yet been precisely determined. The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

19. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

20. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF SECTION 207(k) OF THE FAIR LABOR STANDARDS ACT

21. Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 20 of this Complaint.

22. Under the U.S. Department of Labor's regulations applicable to fire fighters covered under 29 U.S.C. §207(k), (29 C.F.R. §553.230), an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 53 hours in a 7-day work period or in excess of 212 hours in a maximum 28-day work period (or in excess of a proportionate number of hours for work periods between 7 and 28 days).

23. During the times that Plaintiffs and those similarly situated have worked in excess of 53 hours per workweek and 212 hours in a 28-day work period, Defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k) and 29 C.F.R. §553.230..

24. By failing to pay the Plaintiffs and others similarly situated the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs and those similarly situated have been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

25. As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs an amount that has not yet been precisely determined. The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to

maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

26. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

27. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, all plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a)  Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations under federal law and deprived each of the plaintiffs of his/her rights;

(b)  Order a complete and accurate accounting of all the unpaid compensation to which the plaintiffs are entitled;

(c)  Award plaintiffs compensatory relief in the form of unpaid compensation and liquidated damages equal to their unpaid compensation;

(d)  Award plaintiffs interest on their unpaid compensation;

(e)  Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f)  Grant such other relief as may be just and proper.

Respectfully submitted,

/s/ Henry Arnett
Henry Arnett (0011379)
*Trial Attorney*
Livorno & Arnett Co., LPA
1335 Dublin Road, Columbus, OH 43215
Tel: 614.224.7771
Fax: 614.224.7775
counsel@oapff.org

/s/ Sara L. Faulman
Sara L. Faulman *(Pro Hac Vice To Be Submitted)*
John W. Stewart *(Pro Hac Vice To Be Submitted)*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855
slf@mselaborlaw.com
jws@mselaborlaw.com

*Counsel for Plaintiffs*