UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES L. QUINN, *et al.*,

    Plaintiffs,

vs.

CITY OF EATON, OHIO,

    Defendant.

Case No. 3:19-cv-241

District Judge Michael J. Newman

---

**ORDER: (1) DENYING THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT (DOC. NOS. 26, 27); AND (2) CONFIRMING THE FINAL PRETRIAL CONFERENCE AND TRIAL DATES**

---

This civil case is before the Court on the parties' cross motions for summary judgment. Doc. Nos. 26, 27. Both parties filed opposition and reply memoranda in response to, and in support of, their respective motions. Doc. Nos. 29, 30, 31, 32. The Court has considered the foregoing, and the cross motions for summary judgment are now ripe for review.

**I.**

This action arises from Plaintiffs' claims for overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* Although the parties each seek summary judgment, they run headlong into genuine disputes over material facts. Consequently, a grant of summary judgment is unwarranted.

Defendant City of Eaton employed Plaintiffs in its Fire Department. *See generally* Doc. No. 1. At all relevant times, Plaintiffs James Quinn, Randall Anderson, and James Roberts held the position of fire captain; Plaintiff Mallory Lewis was a lieutenant. Doc. No. 1 at PageID 1.

City of Eaton fire captains are part of the four-person crew assigned to the first-out engine (E16) responding to a reported emergency. Doc. No. 23 at PageID 1034-36, 1058-59, 1069, 1082,

1116-18.  Plaintiff fire captains are assigned to E16 for either the A, B, or C shifts.  Doc. No. 23 at PageID 1023-34, 1158.

Fire captains receive an annual salary.  They are paid biweekly in excess of $455 a week.  Doc. No. 23-9 at PageID 1468.  They receive a reduced rate of pay for hours of scheduled work beyond their regular schedule.  Doc. No. 23 at PageID 1161.  Their regular work schedules amount to either 216 or 240 hours in a 28-day work period.  Doc. No. 26-6 at PageID 2310, 2314-16.

Beyond those scheduled work hours, Plaintiffs perform pre-shift and post-shift activities for which they do not receive overtime compensation.  Doc. No. 26-1 at 2035.  For example, they conduct equipment checks and load personal-protective equipment before they start their shifts.  Doc. No. 23 at PageID 1159-61.  Additionally, between shifts, Plaintiffs need to exchange information regarding station maintenance, apparatus issues, and the events of the previous shift.  *Id*. at 1032-33.  It appears there is no dispute that Plaintiffs perform these activities; however, Defendant denies that Plaintiffs are required or encouraged to perform these activities.  Doc. No. 30 at PageID 2821.

Lieutenant Lewis works three 12-hour shifts per week and one 4-hour shift.  She is paid an annual salary and is paid biweekly in excess of $455 per week.  Doc. No. 23 at PageID 1167; doc. no. 23-9 at PageID 1468.  Lieutenant Lewis has a regular schedule of 40 hours per week, and of the 40 regularly scheduled hours, she spends 36 assigned to an apparatus—either M16 (the City of Eaton's primary ambulance) or E16.  Doc. No. 23 at PageID 1028-29; doc. no. 24 at PageID 1603, 1668-69.  Her schedule excludes disputed time spent before and after shifts performing the same pre- and post-shift job-related duties that fire captains perform (noted above).

City of Eaton fire captains and lieutenants do not receive time and one-half overtime pay for hours they work in excess of 212 hours in a 28-day work period or in excess of 40 hours per workweek. Doc. No. 23 at PageID 1048-49. This, they claim, violates the FLSA.

Defendant contends that fire captains and lieutenants are exempt from entitlement to overtime pay because their work duties are primarily executive and administrative. Doc. No. 27 at PageID 2582-91. Plaintiffs' and Defendant's cross motions for summary judgment focus on Plaintiffs' claim for overtime compensation. *See* Doc. Nos. 27, 26-1.

## II.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Cmty. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment -- rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*. Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Instead, the party opposing summary judgment has a shifting burden and "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial."

3

The Court's standard of review does not change when the parties file cross motions for summary judgment. *See Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) ("[T]he standards upon which the court evaluates the motions for summary judgment do not change simply because the parties present cross-motions"). Thus, in reviewing cross motions for summary judgment, the Court must still "evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the non-moving party." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994).

### III.

Under the FLSA, employers are required to pay a minimum wage as well as overtime compensation for hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207. Some employees are ineligible for overtime compensation under the FLSA because they fall within certain exemptions. *Little v. Belle Tire Distribs., Inc.*, 588 F. App'x 424, 426–27 (6th Cir. 2014) (per curiam) (citing 29 U.S.C. § 213). Specifically, "[§] 207 . . . shall not apply with respect to ...any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The FLSA also contains a "first responder regulation" under which the executive and administrative exemptions do not apply to firefighters, regardless of rank or pay level, if their primary duty is firefighting activities rather than management of the enterprise. 29 U.S.C. § 541.3(b)(1).

Until recently, courts "narrowly construed [the exemptions] against the employers seeking to assert them." *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)). However, in 2018, the Supreme Court held that courts should apply a "fair reading" to the exemptions. *Encino Motorcars, LLC v. Navarro*, ––– U.S. –––, 138 S. Ct. 1134, 1142 (2018). The burden of proof

4

for the employer is to establish each element of the exemption by a preponderance of the evidence. *Renfro v. Ind. Mich. Power Co.*, 497 F.3d 573, 576 (6th Cir. 2007).

"An employer may raise a plaintiff's status as an exempt employee as an affirmative defense to claims brought under the FLSA." *Orton*, 668 F.3d at 846-47. Determining whether an employee is exempt from the FLSA's overtime compensation provisions is a fact-intensive inquiry that looks to the actual day-to-day activities of the employee. *Ale v. Tenn. Valley Auth.*, 269 F.3d 680, 688–89, 691 (6th Cir. 2001); *Schaefer v. Ind. Mich. Power Co.*, 358 F.3d 394, 407 (6th Cir. 2004) (Suhrheinrich, J., concurring) ("The decision of whether an employee is exempt from the FLSA's overtime compensation provisions under 29 U.S.C. § 213(a)(1) is primarily a fact question."); *Lott v. Howard Wilson Chrysler–Plymouth, Inc.*, 203 F.3d 326, 330 (5th Cir. 2000).

Where, as here, the parties present conflicting evidence regarding the employees' primary job duties, "'it must be left to a trier of fact to weigh the credibility' of the parties' contradictory 'characterizations of the [employees'] day-to-day duties'.... All of these fact disputes fall within the jury's domain." *Henry v. Quicken Loans, Inc.*, 698 F.3d 897 (6th Cir. 2012) (citing *Schaefer*, 358 F.3d at 407); *see also Chao v. Double JJ Resort Ranch*, 375 F.3d 393, 395-96 (6th Cir. 2004) ("Whether employees are within an exemption from the provisions of the [FLSA] is primarily a question of fact."). For the reasons more fully set forth below, the Court finds that multiple genuine disputes of material fact[1] preclude summary judgment for either party. *See, e.g.*, *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475–76 (6th Cir. 2010).

---

[1] *See, e.g.*, Doc. No. 23-11, PageID 1474-1477; Doc. No. 23-12, PageID 1479; Doc. No. 25 at PageID 1891-92.; Doc. No. 26-1 at PageID 2041; Doc. No. 22 at PageID 798-99; Doc. No. 20 at PageID 211; Doc. No. 23 at PageID 1113-14.

5

**A. First Responder Regulation: Primary Job Duties**

Determining whether an employee is non-exempt under the first responder regulation, or alternatively, exempt under the executive or administrative exemptions, depends largely on the employee's primary duty. *See generally Barrows v. City of Chattanooga, Tenn.*, 944 F. Supp. 2d 596, 603-04 (E.D. Tenn. 2013). An employee's "primary duty" is the "principal main, major, or most important duty that the employee performs." 29 C.F.R. § 541.700(a).

Here, the parties dispute the primary duties of fire captains and lieutenants. Defendant relies on the City of Eaton's job postings for the positions, which list the primary duties of the fire captains and lieutenants. As made clear in the job postings, such individuals "must . . . demonstrate supervisory and command experience" and "an ability to perform under strenuous and stressful conditions at emergency incidents and under the constant stress of managerial responsibility." Doc. No. 23-11, PageID 1474-77; Doc. No. 23-12, PageID 1479. Defendant points to these job descriptions and argues that "60% of the essential duties and responsibilities include supervising, managing, implementing, and motivating fire personnel." Doc. No. 27 at PageID 2573-74.

Plaintiffs argue, on the other hand, that their primary job duty is emergency response and that they are "hands on, frontline emergency responders first." Doc. No. 26-1 at PageID 2041. Plaintiffs point to Fire Chief Smith's acknowledgement during his deposition that the "managerial" aspects of their job descriptions include time spent inside burning buildings or on the roadway providing emergency assistance following automobile collisions. Doc. No. 23 at PageID 1105-06. Chief Smith also agreed, Plaintiffs argue, that "leading by example" and directing subordinates includes "working side by side with a crew in an emergency" as well as "going into a burning building" with the crew. *Id.* at PageID 1107-08. However, it is notable that when Chief Smith was asked, "[a]nd leading by example might include working side by side with a crew in an emergency, correct?" he responded "[d]irecting them, yes." *Id.* at PageID 1107. Captain

6

Anderson's testimony disputes this, as he states "realistically, below the fire chief, it's kind of a mixed bag. Direction does not always flow to me or through me." Doc. No. 25 at PageID 1891-92.

These portions of the job description and the deposition testimony create genuine disputes of material fact regarding the type of work Plaintiffs actually engage in as their primary duties. If Defendant's characterization is correct, and Plaintiffs are in fact directing the work of other firefighters during emergency situations, it suggests they are exempt from the overtime provisions of the FLSA. However, if Plaintiffs truly spend their time in emergency situations acting as any other firefighter would, it would mean these Plaintiffs are non-exempt under the FLSA. Summary judgment for either party is thus inappropriate. *See Barrows*, 2012 WL 5451525, at *8.

**B. FLSA: Executive Exemption**

The FLSA's executive exemption has four elements. It applies if (1) the employee earns at least $455 per week; (2) the primary duty of the employee is management of the enterprise in which the employee is employed or management of a customarily recognized department or division thereof; (3) the employee customarily and regularly directs the work of two or more other employees; and (4) the employee has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees is given particular weight. *See* 29 C.F.R. § 541.100.

There is no dispute about the first element: each Plaintiff makes at least $455 per week. Doc. No. 23 at PageID 1167. The second element involves, at a minimum, the genuine disputes discussed above about Plaintiffs' "management of the enterprise." *Supra* Part III(A); *see, e.g.*, Doc. No. 23-11, PageID 1474-1477; Doc. No. 23-12, PageID 1479; Doc. No. 25 at PageID 1891-92; Doc. No. 23 at PageID 1105-08.

As to the third element, Defendant argues that Plaintiffs "customarily and regularly direct[] the work of two or more other employees." Doc. No. 27 at PageID 2589. Defendant points to Captain Roberts' deposition where he agreed that "in [the] chain of command, the part-time and volunteer firefighters report directly to the captain [or the lieutenant]." Doc. No. 22 at PageID 798. In contrast, Plaintiffs maintain that part-time and volunteer fire fighters "report to the officer in charge, whether that be a part-timer riding up or a lieutenant or captain or the chief." Doc. No. 22 at PageID 798-99. As noted above, Captain Anderson's deposition supports this. He testified, "realistically, below the fire chief, it's kind of a mixed bag. Direction does not always flow to me or through me. There are part-time employees on the engine that [the Chief] may directly give tasks to that I'm unaware of." Doc. No. 25 at PageID 1891-92. The record thus contains a genuine dispute over whether captains customarily and regularly direct the work of two or more employees.

Turning to the fourth element, Defendant contends that Plaintiffs have the capacity to hire and fire because they "participated in interviews of employees, including completion of evaluation sheets, and scoring the candidates" and they meet with the Chief to discuss their evaluations. Doc. No. 20 at PageID 200-10. Defendant additionally points out that the City Manager asks for fire captains' opinions on hiring and firing. Doc. No. 20 at PageID 211. Plaintiffs counter this characterization with Chief Smith's testimony that neither fire captains nor lieutenants conduct performance evaluations. Doc. No. 23 at PageID 1113-14. A genuine dispute therefore exists regarding the executive exemption's fourth element.

Where, as here, the parties genuinely dispute whether the employees at issue fulfill the executive-exemption elements, summary judgment must be denied. *See Duffie v. Mich. Grp., Inc.*, No. 14-CV-14148, 2016 WL 28987, at *11-13 (E.D. Mich. Jan. 4, 2016).

### C. FLSA: Administrative Exemption

The administrative exemption from the FLSA overtime-pay requirement applies if the employee is one (1) who earns at least $455 per week; (2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. §541.200(a). A reasonable jury could find that Plaintiffs either do, or do not, meet the administrative exemption.

Again, Plaintiffs make at least $455 per week. Doc. No. 23 at PageID 1167. Defendant argues that the importance of Plaintiffs' management responsibility exceeds the importance of their non-management activities, even if more time is spent on non-management activities. Doc. No. 30 at PageID 2819. Defendant notes that each fire captain has a specific special assignment in addition to other duties -- Captain Anderson was responsible for the day-to-day operations of the A shift, as well as facility maintenance, public education, and fire prevention activities; Captain Roberts was responsible for the day-to-day operation of the B shift as well as vehicle maintenance; and Captain Quinn was responsible for the day-to-day operations of the C shift and was the training officer for that division. Doc. No. 23-4, PageID 1231; Doc. No. 23-20, PageID 1513-14.

However, Plaintiffs dispute each of these characterizations. Captain Anderson testified in his deposition that this "doesn't necessarily mean that I'm in charge of that. That just means when those opportunities arrive, I have the pleasure of being told to do them." Doc. No. 25 at PageID 1900-01. Captain Roberts testified that he merely set appointments with city maintenance and "everything was run through the Chief as far as the financials go." Doc. No. 22 at PageID 767-68. Additionally, Captain Quinn testified that the training officer role was not significant because the training was "all computer based. It's online." Doc. No. 21 at PageID 453. These varying

9

understandings -- about what Plaintiffs' primary duties are as they relate to the performance of office or non-manual work directly related to the management of the enterprise -- precludes summary judgment as to the administrative exemption's second element.

As to the third element, Defendant contends that fire captains and lieutenants exercise discretion over "purchasing, scheduling, addressing disciplinary issues or using their discretion to report it to the Fire Chief." Doc. No. 27 at PageID 2587-88. Defendant notes that fire captains and lieutenants can approve shift changes and splitting of shifts between fire department personnel. Doc. No. 23-6 at PageID 1343, 1348; Doc. No. 22 at PageID 812-813, 953; Doc. No. 25 at PageID 1937. Additionally, Lieutenant Lewis stated that she is in charge of scheduling the shifts for the fire and EMS departments. Doc. No. 24 at PageID 1625. Finally, Lieutenant Lewis also advises it is her responsibility to ensure that EMS reports are completed "on time and fully." Doc. No. 24 at PageID 1617-18.

Alternatively, Plaintiffs assert that fire captains do not have discretion to decline to respond to an emergency and note that Chief Smith agreed that if a captain failed to respond to an emergency, it would be grounds for termination. Doc. No. 23 at PageID 1058-59. Plaintiffs argue that they lack any serious discretion to manage operations. Doc. No. 26-1 at PageID 2043. They point to Lieutenant Lewis' testimony that their daily activities are set by a checklist setting forth the tasks that need to be done on particular days, and also includes "your general duties, so like every day you have to sweep, vacuum, mop, clean the bathrooms, clean the kitchen." Doc. No. 24 at PageID 1651. These genuine disputes, regarding the extent to which Plaintiffs' primary duties include the exercise of discretion and independent judgment, makes summary judgment inappropriate as to the third element of the administrative exemption.

The conflicting assertions about Plaintiffs' administrative duties thus leave unresolved whether the work they perform falls within the administrative exemption. Consequently, summary judgment on this exemption is unwarranted. *See Little,* 588 F. App'x at 426–27; *Schaefer*, 358 F.3d at 404-07.

## IV.

In conclusion, the evidence is such that a jury could reasonably find for either party. *See, e.g.*, *Marshall v. Rawlings Co., LLC*, 854 F.3d 368, 381 (6th Cir. 2017). Therefore, the Court **DENIES** the parties' cross motions for summary judgment. The May 12, 2021 final pretrial conference and the June 7, 2021 trial are **BOTH CONFIRMED**.

**IT IS SO ORDERED.**

Date:   April 8, 2021                                    s/Michael J. Newman
                                                         Hon. Michael J. Newman
                                                         United States District Judge