UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES L. QUINN, *et al.*,

    Plaintiffs,

vs.

CITY OF EATON, OHIO,

    Defendant.

Case No. 3:19-cv-241

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING THE PARTIES' JOINT MOTION FOR APPROVAL OF THEIR SETTLEMENT AGREEMENT (DOC. NO. 40); (2) STAYING THIS CASE FOR 30 DAYS TO ALLOW DEFENDANT TO EFFECTUATE PAYMENT; AND (3) DIRECTING THE PARTIES TO FILE, WITHIN 30 DAYS, EITHER A STIPULATION OF DISMISSAL OR A JOINT STATUS REPORT**

---

Plaintiffs James L. Quinn, Randall K. Anderson, James H. Roberts, and Mallory Lewis bring this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Doc. No. 1. This case is now before the Court on the parties' joint motion for approval of their settlement agreement.[1] Doc. No. 40.

**I.**

"Employees are guaranteed certain rights by the FLSA and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Services, LLC*, No. 1:07-cv-430, 2011

---

[1] The parties have not requested a fairness hearing, and the Court finds that no hearing is required. *See, e.g. Parker v. Breck's Ridge, LLC*, No. 2:17-cv-633, 2020 WL 977875, at *1-2 (S.D. Ohio Feb. 28, 2020); *Gentrup v. Renovo Services, LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011).

WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)).  Thus, "[t]he proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Id.* at *2.

In a multi-plaintiff case such as this, the following factors apply to determine whether the settlement is fair and reasonable: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Chime v. Fam. Life Counseling & Psychiatric Servs.*, No. 1:19-CV-2513, 2020 WL 6746511, at *3 (N.D. Ohio Nov. 17, 2020) (citing *Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-CV-12302, 2014 WL 7369904, at *2 (E.D. Mich. Dec. 29, 2014)).

## II.

Having carefully and thoroughly reviewed the terms of the parties' joint settlement agreement, the Court finds the settlement represents a fair and reasonable resolution of the bona fide disputes presented here. *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012) ("[T]he Court must ensure that there is a bona fide dispute between the parties as to the employer's liability under the FLSA"). There is no risk of fraud or collusion, as the settlement was achieved at a mediation presided over by Judge Ovington through arms-length negotiations. Doc. No. 40 at PageID 2915; *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 WL 4913678, at *2 (N.D. Ohio Oct. 10, 2018) ("In assessing settlement agreements, '[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary'" (quoting *UAW v. Gen. Motors Corp.*, No. 05-cv-73991, 2006 WL 891151, at *21 (E.D. Mich. Mar. 31, 2006))).

Resolving the issues between the parties would likely be time consuming, complex, and involve some uncertainty regarding Plaintiff's likelihood of success on the merits.[2] Doc. No. 40 at PageID 2915-16. At the time the parties agreed to settle this case, they had completed full discovery, briefed summary judgment, and obtained a summary judgment decision from the Court. *Id.* at 2916. The parties' counsel opine -- and the Court agrees -- that the proposed settlement agreement is fair, reasonable, and in the best interests of all parties. *Id.* at PageID 2919-20; *Gentrup*, 2011 WL 2532922, at *3.

Lastly, regarding the range of possible recovery, the parties note that, considering the risks associated with litigating the claims and establishing damages at trial, the settlement represents both a reasonable monetary recovery and a reasonable compromise regarding employee classification going forward. *See, e.g., Van Buren v. Health Alliance Plan of Mich.*, No. 17-11336, 2019 U.S. Dist. LEXIS 25532, at *5 (E.D. Mich. Feb. 19, 2019) (approving settlement at approximately 52% of potential recovery, reasoning, "[a]lthough the proposed recovery represents a discount against the plaintiffs' best hopes, the settlement represents a fair and reasonable resolution of a bona fide dispute between the parties on the exact amount of overtime wages due, considering the significant risks and problems of proof that the plaintiffs would have faced at trial," such as the risk that the "lack of comprehensive detailed or formally recorded time sheets" could lead a jury to award "much less than their best-case recovery"); *Crawford*, 2008 WL 4724499, at *25 (approving settlement at 70% of potential recovery, noting also that "plaintiffs are receiving

---

[2] The parties note that litigating Plaintiff's FLSA claims through trial would be fact-intensive and time consuming. Were the case to proceed to trial, both parties would incur considerable additional costs in drafting and arguing motions *in limine* and otherwise preparing for trial. Additionally, the parties note that this case hinges on a contentious legal issue -- specifically, the appropriate application of the primary duty test in the context of first responders -- meaning that an appeal of the trial verdict would be highly likely, regardless of the outcome. The parties acknowledge that avoiding the substantial expenditure of time and resources involved in continuing to litigate this case is in both parties' interests.

non-monetary relief in the form of important policy changes that could not have been achieved by a jury award of monetary damages"). Finally, approval of a fair and reasonable agreement promotes the public's interest in encouraging settlement of litigation. *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933 at *5-6 (N.D. Ohio Mar. 8, 2010). For these reasons, approval of the settlement agreement is warranted.

### III.

The Court thus: (1) **GRANTS** the parties' joint motion for approval of the settlement agreement (doc. no. 40); (2) **STAYS** this case for 30 days to allow Defendant to effectuate payment; and (3) **DIRECTS** the parties to file, within 30 days, either a stipulation of dismissal or a joint status report.

**IT IS SO ORDERED.**

Date:  August 17, 2021                              s/Michael J. Newman
                                                                                     Hon. Michael J. Newman
                                                                                     United States District Judge